UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

JAMES C. KISTNER,

        Plaintiff,

vs.                                                                               Civil No.: 18-CV-00402

LAUREN McDERMOTT
JENNY VELEZ
KARL SCHULTZ, and
KYLE MORIARITY, *et al.*,

        Defendants.
───────────────────────────────────────────────

**ATTORNEY DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS
<u>MCDERMOTT, VELEZ, SCHULTZ, AND MORIARITY</u>**

        **R. ANTHONY RUPP III, ESQ**., declares under the penalty of perjury:

        1.     I am an attorney duly licensed to practice law in the State of New York, and before the United States District Court, Western District of New York. I am a partner with the law firm of Rupp Baase Pfalzgraf Cunningham LLC, attorneys for plaintiff James C. Kistner, in the above-entitled action. I have worked on this matter extensively; therefore, I am fully familiar with the facts and circumstances of this case.

        2.     I submit this declaration in support of Plaintiff's motion for partial summary judgment against Defendants McDermott, Velez, Schultz, and Moriarity (collectively referred to as "Defendants"). Pursuant to Fed. R. Civ. P. 56, Plaintiff seeks an order granting summary judgment on his claims for false arrest, false imprisonment, and malicious prosecution, under Federal and New York State law, in addition to an order dismissing the defense of

1

qualified immunity for Defendants McDermott, Velez, Schultz, and Moriarity.  For the reasons more fully set forth in Plaintiff's accompanying memorandum of law, this Court should grant Plaintiff's motion in its entirety as the undisputed evidence demonstrates that the on-scene Officers did not have probable cause, or even arguable probable cause, to arrest Mr. Kistner on New Year's Day 2017.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

3. The facts and evidence supporting this motion are as set forth in the Statement of Material Facts submitted pursuant to Local Rules of Civil Procedure 7(a)(5) and 56 that is being filed contemporaneously with this motion.

4. As explained in the accompanying Statement of Material Facts, this action is based on a motor vehicle accident that took place on Schmarbeck Avenue on January 1, 2017. The video footage submitted with this motion shows that Mr. Kistner was struck by a moving Buffalo Police Department ("BPD") SUV driven by Officer McDermott on New Year's Day 2017.  Defendants, however, claimed that Mr. Kistner intentionally threw himself at Officer McDermott's vehicle, charged him with a felony based on that alleged conduct, and attempted to have him admitted to the psychiatric ward at Erie County Medical Center for involuntary psychiatric treatment.  Officers McDermott, Velez, and Moriarity did not personally observe the subject accident.  Instead, they relied on the observations of fellow on-scene Officer Schultz, who claims he observed the accident through the driver's side mirror while sitting in the front passenger seat.

5. On March 31, 2017, Plaintiff filed a notice of claim with the City of Buffalo, pursuant to New York's General Municipal Law Section 50-e, regarding the on-scene officer's arrest and prosecution of him. A copy of Mr. Kistner's notice of claim is attached as **Exhibit A**.

6. On June 27, 2017, Mr. Kistner was questioned under oath by Defendants' counsel, pursuant to New York's General Municipal Law Section 50-h. A copy of the transcript of his testimony is attached as **Exhibit B**.

7. On March 30, 2018, Plaintiff commenced this lawsuit against Defendants by filing a summons and verified complaint, on the basis of federal question jurisdiction. *See* Docket Entry Nos. ("Dkt.") 1-3.

8. On June 19, 2018, Defendants filed their answer to plaintiff's complaint (Dkt. 4). Defendants denied the allegations in Plaintiff's complaint.

9. Paper discovery took place and confirmed that Defendants did not take any steps to document the alleged damage caused to Officer McDermott's vehicle by the collision. Despite Plaintiff's request for all photographs, documents, and repair records from Defendants regarding alleged property damage to Officer McDermott's vehicle caused by the accident, Defendants provided no such information or documents to corroborate their claim. In fact, Plaintiff learned during discovery that Officer McDermott's vehicle was taken in for routine maintenance four days after the accident and no repairs were made to the vehicle's mirror or

window. Defendants did not turn over any other repair records during the course of discovery. A copy of the demand requesting all photographs, documents, and repair records regarding alleged damage to McDermott's vehicle is attached as **Exhibit C**. A copy of the "Fleet Management Maintenance Work Order" documenting repairs made to BPD vehicle No. 473 that was provided by Defendants during discovery is attached as **Exhibit D**.

10. Paper discovery also confirmed the identity of the previously unidentified fifth on-scene BPD officer, David T. Santana. Therefore, on May 15, 2019, Plaintiff filed an amended verified complaint that identified David Santana as the previously unnamed on-scene officer. *See* Dkt. 20. Defendants filed an amended answer to Plaintiff's amended verified complaint on May 27, 2019. *See* Dkt. 24.

11. At the conclusion of paper discovery, on February 6, 2020, Plaintiff was deposed by counsel for the Defendants. Relevant portions of the transcript of Mr. Kistner's testimony are attached as **Exhibit E**.

12. On February 13, 2020, Officer Karl Schultz testified under oath. Relevant portions of Schultz's testimony are attached as **Exhibit F**. During his deposition, Officer Schultz testified that the BPD vehicle he was riding in as a passenger stopped just before the collision, and that he observed Mr. Kistner intentionally throw himself at Officer McDermott's vehicle through the driver's side mirror while sitting in the front passenger seat.

13. Additionally, Officer Schultz testified that he used his personal cell phone to call Lt. Anthony McHugh's personal cell phone after the accident. Plaintiff then deposed Lt. McHugh on February 28, 2020, who confirmed that he spoke to two on-scene officers immediately after the accident using his personal cell phone. Lt. McHugh made the decision to charge Mr. Kistner with criminal mischief in the third degree.

14. After motion practice before this Court, Plaintiff was permitted to file a second amended complaint that named Lt. Anthony McHugh as a defendant in this action based on his personal involvement under a supervisory liability theory. *See* Dkt. 61-62. Defendants filed their second amended answer to Plaintiff's second amended verified complaint on October 26, 2020. *See* Dkt. 65.

15. Officer Lauren McDermott was deposed on February 19, 2020. Relevant portions of her testimony are attached as **Exhibit G**. Although Officer McDermott first asserted that Plaintiff "purposely" threw himself at her vehicle, she later admitted that she did not recall seeing Mr. Kistner after she shifted her vehicle into drive. *See* Ex. G, pp. 176:15-23 – 177:1.

16. Officer Kyle Moriarity was deposed on February 21, 2020. Relevant portions of his testimony are attached as **Exhibit H**. Officer Moriarity could not recall whether he personally observed the accident. *See* Ex. H, pp. 109:21-23 – 110:1-5, and 113:9-12.

17. Officer Jenny Velez was deposed on February 26, 2020. Relevant portions of her testimony are attached as **Exhibit I**. Officer Velez testified that she did not witness the subject accident. *See* Ex. I, p. 200:3-9.

18. The following documents were marked as exhibits during the parties' depositions and are attached in support of Plaintiff's motion for summary judgment:

**Exhibit J:** "Complaint Summary Report" marked as deposition exhibit ("Depo. Ex.") 4A outlines Defendants' communications with dispatch for the Buffalo Police Department ("BPD").

**Exhibit K:** "Buffalo PD Police Report Criminal Mischief" marked as Depo. Ex. 5.

**Exhibit L:** "Appearance Ticket" marked as Depo. Ex. 21.

**Exhibit M:** Criminal Complaint, charging Plaintiff with criminal mischief and disorderly conduct, marked as Depo. Ex. 17.

**Exhibit N:** '941 Form' completed by Officer Velez accusing Mr. Kistner of intentionally throwing himself at McDermott's vehicle, marked as Depo. Ex. 6.

19. Plaintiff's certificate of disposition, dated April 2, 2018, resolving the charges of criminal mischief and disorderly conduct, is attached as **Exhibit O**.

20. On July 9, 2020, this Court issued a Case Management Order requiring all pretrial dispositive motions to be filed no later than April 30, 2021. *See* Dkt. 49.

21. Plaintiff now brings this motion for summary judgment pursuant to FRCP Rule 56 because there are no genuine issues of fact to be tried related to Defendants' liability for

false arrest, false imprisonment, and malicious prosecution, under Federal and New York law. Further, there is no genuine dispute that Defendants cannot rely on the defense of qualified immunity as the evidence before this Court conclusively demonstrates that the on-scene Officers did not have probable cause, or even arguable probable cause, to arrest Mr. Kistner on New Year's Day 2017.

Dated: April 28, 2021
       Buffalo, New York

                              **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
                              *Attorneys for Plaintiff, James C. Kistner*

                              By: *s/R. Anthony Rupp III*
                                    R. Anthony Rupp III
                               1600 Liberty Building
                               Buffalo, New York 14202-3694
                               (716) 854-3400
                               rupp@ruppbaase.com