UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **JAMES C. KISTNER** | **STATEMENT OF MATERIAL UNDISPUTED FACTS** |
| **Plaintiff,** | |
| vs. | Case No. 18-cv- |
| **CITY OF BUFFALO,** *et al.* | |
| **Defendants.** | |

---

The Defendants, City of Buffalo (hereinafter "City"), Byron Lockwood (sued incorrectly here as "BRYON LOCKWOOD"; hereinafter "Lockwood"), Daniel Derenda (hereinafter "Derenda"), Lauren McDermott (hereinafter "McDermott"), Jenny Velez (hereinafter "Velez"), Karl Schultz (hereinafter "Schultz"), Kyle Moriarity (sued incorrectly here as "KYLE MORIARTY"; hereinafter "Moriarity"), David T. Santana (hereinafter "Santana"), Anthony McHugh (hereinafter "McHugh"), and John Doe(s) (hereinafter collectively "Defendants"), respectfully submit this Statement of Material Facts that are undisputed in support of their motion to dismiss Plaintiff, James C. Kistner's (hereinafter "Plaintiff") "Second Amended Verified Complaint and Jury Demand" pursuant to Local Rule of Civil Procedure 56(a)(1).

1.  On January 1, 2017, at approximately 10:56 AM, Buffalo Police Department Officers Schultz and Moriarity responded to a 911 call at 33 Schmarbeck Avenue. Ex. B at 1; Ex. G at 143-44; Ex. H at 153; Ex. J at 50. Officers McDermott and Velez also

1

responded to back up Schultz and Moriarity. Ex. G at 144, 147; Ex. H at 153; Ex. I at 90, 92; Ex. J at 82-3.

    2.     Officers completed their response to the 911 call. Ex. G at 152; Ex. I at 89.

    3.     Plaintiff did not contact 911 regarding the van parked on Schmarbeck Avenue on the morning of January 1, 2017. Ex. E at 75. He was never summonsed out of 37 Schmarbeck. Ex. E at 83. No one called him and asked that he come out. Ex. E at 83.

    4.     Plaintiff exited 37 Schmarbeck and approached the police vehicles by jaywalking across Schmarbeck Avenue. Dkt. No. 61 ¶60; Ex. D at 34; Ex. E at 84, 86; Ex. G at 104. He was wearing dress shoes. Ex. D at 45; Ex. E at 71.

    5.     The police vehicle operated by Moriarity began to pull away and drive north on Schmarbeck. Ex. I at 93; Ex. J at 101. Schultz instructed Moriarity to stop the vehicle so that they could observe Plaintiff's interaction with the female officers' vehicle. Ex. I at 93-94; Ex. J at 107-108.

    6.     McDermott operated the other patrol vehicle. Ex. G at 146; Ex. I at 94. Plaintiff continued to approach the vehicle. Ex. D at 38. She did not roll down the driver's window, say anything verbally to Plaintiff, or summons him to her vehicle. Ex. D at 39.

    7.     McDermott observed Plaintiff walk towards the driver's side of the patrol vehicle without stopping. Ex. G at 103-105, 162.

    8.     Plaintiff extended his hands and closed his eyes. Ex. E at 90; Ex. G at 158, 160, 162; Ex. I at 97, 207. His hands came into contact with the vehicle. Ex. D at 39; Ex. G at 95-97, 163-164; Ex. I at 97. He went to the ground on his back. Ex. D at 41; Ex. G at 166,

183; Ex. I at 97, 99; Ex. J at 119. Plaintiff has no "visual recollection" of the vehicle striking him. Ex. E at 91.

9. McDermott did not consider this to be an accident. Ex. G at 198, 201-202.

10. Schultz observed Plaintiff make contact with the vehicle's driver's side mirror. Ex. I at 95.

11. The patrol vehicle's mirror was damaged. Ex. G at 121; Ex. H at 200-201; Ex. I at 117-118.

12. Schultz and Moriarity exited their patrol vehicle and walked towards Plaintiff. Ex. G at 181; Ex. I at 101, 115-6; Ex. J at 111.

13. Plaintiff claims to have experienced pain to the back of his head. Ex. D at 44; Ex. E at 90-91. He did not have any visible physical injuries and was not bleeding. Ex. D at 41, 44-45, 79; Ex. E at 93; Ex. G at 100, 185-186; Ex. I at 105, 107; Ex. J at 126. Plaintiff's clothing was not damaged or torn. Ex. D at 46.

14. Plaintiff refused to get off the ground. Ex. D at 43. He did not identify any physical injuries to the officers. Ex. D at 43-44.

15. Plaintiff did not hear the conversation between the officers. Ex. E at 97.

16. Plaintiff did not make any specific requests for medical treatment to the officers. Ex. D at 58-59; Ex. E at 99, 100.

17. Plaintiff was handcuffed (Ex. I at 107-108; Ex. J at 137) and was walked to Moriarity's patrol vehicle. Ex. D at 49; Ex. I at 105; Ex. J at 137-138. He did not say anything to the officers. Ex. D at 49, 50, 55.

18.     McHugh was the lieutenant for all of C District on January 1.  Ex. G at 27; Ex. K.  Schultz and McDermott contacted McHugh and explained what they just observed.  Ex. G at 197, 202-203; Ex. I at 115-117; Ex. J at 155; Ex. K at 46, 108, 110-111.

19.     Santana arrived at Schmarbeck.  He had no interaction with Plaintiff.  Ex. G at 223; Ex. I at 147; Ex. N.  Santana did not go to Erie County Medical Center ("ECMC").  Ex. G at 238.

20.     Moriarity and Schultz drove Plaintiff to ECMC.  Ex. D at 57; Ex. E at 101-102; Ex. H at 178; Ex. I at 129; Ex. J at 126.  He was taken to the emergency room.  Ex. D at 59; Ex. G at 238, 262; Ex. I at 130, 132.  ECMC staff examined Plaintiff.  Ex. D at 63; Ex. E at 103; Ex. G at 262.

21.     Plaintiff loudly yelled, refused to answer questions posed by ECMC staff, and was uncooperative while at ECMC.  Ex. D at 44, 72; Ex. G at 268; Ex. I at 132-134, 136-137.  He admits to have been "boisterous and loud," called the female officers "feminazis," and cursed at the officers.  Ex. D at 73; Ex. G at 268; Ex. H at 99, 103; Ex. I at 134.  Medical records indicate that Plaintiff was agitated, screaming, and calling people present "fascists" and "Nazis."  Ex. F at 1, 11.  This language disrupted staff.  Ex. F at 14.

22.     Plaintiff requested that the handcuffs be loosened only when he was at ECMC.  Ex. D at 65-67.

23.     Schultz and Moriarity eventually left and went back on patrol.  They had no further interaction with Plaintiff that day.  Ex. G at 82-83, 270; Ex. H at 179; Ex. I at 134-135, 153.

24. Plaintiff told officers while at ECMC that he would go to Internal Affairs. Ex. D at 74.

25. ECMC emergency department medically cleared Plaintiff following evaluation for physical injuries. Ex. F; Ex. G at 280.

26. McDermott and Velez transported Plaintiff to central booking following his discharge from the ECMC emergency room. Ex. D at 75; Ex. E at 114; Ex. G at 270, 280.

27. At central booking, no anal cavity search was performed on Plaintiff. Anal cavity searches are not performed at central booking. Ex. L at 16. Plaintiff was not physically touched during the search. Ex. E at 125-126.

28. Officers do not perform the searches at central booking. Ex. G at 296, 299, 302. Neither McDermott nor Velez observed the search performed on Plaintiff. Ex. G at 297; Ex. H at 189.

29. Plaintiff was issued an appearance ticket while at central booking. Ex. C at 8; Ex. D at 77; Ex. G at 317; Ex. H at 105.

30. Plaintiff never requested medical treatment while at Central Booking. Ex. D at 79.

31. McDermott and Velez transported Plaintiff to ECMC for a mental health evaluation. Ex. C at 9; Ex. D at 80; Ex. G at 317; Ex. H at 76-77, 80. Velez filled out a request for evaluation. Ex. C at 9; Ex. H at 73, 78-9, 117. McDermott and Velez dropped Plaintiff off for the examination and left. Ex. G at 328-329; Ex. H at 94.

32. Plaintiff was later arraigned on the criminal charges. Ex. D at 87. After several court dates, the charges were dismissed. Ex. D at 87, 89.

33. Plaintiff sought medical treatment from his primary care physician. Ex. D at 92-93.

34. Plaintiff received no mental health treatment for this incident. Ex. D at 97; Ex. E at 155.

35. Plaintiff was not employed on January 1, 2017. Ex. D at 19, 72; Ex. E at 64. Plaintiff does not claim any loss of income from the incident. Ex. D at 99; Ex. E at 35, 158.

36. Plaintiff mailed a complaint to the Buffalo Police Department Internal Affairs Division. Ex. E at 132.

Dated: April 15, 2021
      Buffalo, New York

                          Timothy A. Ball, Esq.
                          Corporation Counsel
                          *Attorney for Defendants*

By:    */s/ Maeve E. Huggins*
       Maeve E. Huggins
       Assistant Corporation Counsel
       1112 City Hall
       65 Niagara Square
       Buffalo, New York 14202
       Telephone: (716) 851-4317
       Facsimile: (716) 851-4105
       E-Mail: mhuggins@city-buffalo.com