UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES C. KISTNER,

Plaintiff,

v.

THE CITY OF BUFFALO, BRYON LOCKWOOD, DANIEL DERENDA, LAUREN MCDERMOTT, JENNY VELEZ, KARL SCHULTZ, KYLE MORIARTY, DAVID T. SANTANA, ANTHONY MCHUGH, JOHN DOE(S)

Defendants.

---

Case No.: 18-CV-402

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION

---

TIMOTHY A. BALL, ESQ.
Corporation Counsel
*Attorneys for Defendants*

By: Maeve E. Huggins
Assistant Corporation Counsel
1112 City Hall : 65 Niagara Square
Buffalo, New York 14202
Tel.: (716) 851-4317
Fax.: (716) 851-4105
E-mail: mhuggins@city-buffalo.com

1

**PRELIMINARY STATEMENT**

The Defendants moved for judgment on the pleadings regarding certain purported claims contained in Plaintiff's second amended complaint (Dkt. No. 61) pursuant to Federal Rule of Civil Procedure (hereinafter "Rule") 12(c) and for summary judgment pursuant to Rule 56 (Dkt. No. 69). Relying on the pleading, moving papers, and record before this Court, the Defendants respectfully submit this Reply Memorandum of Law in further support and in response to Plaintiff's opposition (Dkt. No. 82).

**PLAINTIFF'S OPPOSITION**

**I.   PLAINTIFF'S OPPOSITION DOES NOT CONFORM TO THE LOCAL RULES.**

The Local Rules of Civil Procedure for the Western District of New York require:

> [P]apers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried.

L.R.Civ.P. 56 (a)(2). Plaintiff's opposition fails to conform to Local Rule 56(a)(2) in that he includes a purported "counter-statement of material facts" (Dkt. No. 82-7 ¶¶37-87). Such statement is not contemplated or permitted by the Local Rules. Nor, does Plaintiff's "counter-statement" contain facts that are undisputed. For example, McDermott did not roll down the driver's window, say anything verbally to Plaintiff, or summons him to her vehicle. Ex. C at 39. Yet, Plaintiff claims otherwise in his "counter-statement" (Dkt. No. 82-7 ¶44). He also includes conclusory legal allegations,

such as allegations that McDermott operated her vehicle negligently[1] (Dkt. No. 82-7 ¶48). For these reasons, this Court should disregard and strike the "counter-statement" portion of Plaintiff's response to the Defendants' Statement of Material Facts.

## II. PLAINTIFF CONCEDES AND WITHDRAWS A NUMBER OF PURPORTED CLAIMS AND ISSUES.

In his opposition (Dkt. No. 82-4 at 2 n. 1), Plaintiff concedes and withdraws his purported claims for respondeat superior, punitive damages, and attorneys' fees. He also concedes and withdraws his intentional infliction of emotional distress and assault claims (*id.*). Accordingly, such claims must be dismissed with prejudice.

Plaintiff does not specifically oppose the Defendants' arguments for judgment on the pleadings pursuant to Rule 12 as to all claims against the John Doe(s) defendants, all Section 1983 claims against Lockwood, Derenda, Santana, and McHugh, his failure to plead properly a *Monell* claim against the City, Lockwood, and Derenda, and dismissal of state law false imprisonment, "abuse of prosecution," battery, defamation, or "official misconduct, tampering with evidence and spoliation" claims which were not plead in Plaintiff's Notice of Claim (Dkt. No. 69-1 at 9-16). He makes no argument that the factual allegations in his complaint are sufficient to past Rule 12 muster, and instead only argues that there is a question of fact that precludes summary judgment.[2] Thereby, such claims are conceded. *See Hutch Enterprises, Inc. v. Cincinnati Ins. Co.*, No.

---

[1] The Defendants moved for summary judgment on the issue of negligence (Dkt. No. 69). Plaintiff did not oppose on this issue, and thereby, conceded this claim.

[2] A Rule 12 motion need not be converted to one for summary judgment if the party does not rely on the extrinsic material outside the complaint in support of the request for judgment on the pleadings. The Court need only convert and consider materials outside the initial pleadings under Rule 56 if the claims survive Rule 12 scrutiny. *See Spear v. City of Buffalo*, 11CV-00012A F, 2014 WL 1053987, at *6-7 (W.D.N.Y. Mar. 18, 2014), adopted, 11-CV-00012A F, 2014 WL 1347759 (W.D.N.Y. Apr. 4, 2014).

16-CV-01010-WMS-JJM, 2019 WL 5783574, at *15 (W.D.N.Y. Aug. 12, 2019); *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 86 (E.D.N.Y. 2019) ("a party concedes through silence arguments made by its opponent that it fails to address"); *CVS Pharmacy, Inc. v. Press America, Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("a party may be deemed to have conceded an argument by failing to address it in its briefing"); *Dean v. University at Buffalo School of Medical and Biomedical Sciences*, 804 F.3d 178, 187 (2d Cir. 2015) ("given their failure to address [the argument] ... the district court assumed that Defendants conceded that issue").

Likewise, Plaintiff never addresses, much less opposes, the Defendants' summary judgment motion as to his negligence claim (Dkt. No. 69-1 at 35-40). Finally, he also neglected to address the Defendants' request that this Court decline to exercise supplemental jurisdiction over any surviving pendent state law claims (Dkt. No. 69-1 at 40). Accordingly, Plaintiff concedes all claims[3] and issues not addressed. *See Hutch Enterprises, Inc.*, 2019 WL 5783574, at *15; *Gustavia Home, LLC*, 362 F. Supp. 3d at 86; *CVS Pharmacy, Inc.*, 377 F. Supp. 3d at 383; *Dean*, 804 F.3d at 187.

## ARGUMENT IN REPLY

Applying the settled standards of review for motions pursuant to Federal Rules of Civil Procedure to the pleadings and the instant record, the Defendants are entitled to summary judgment as to all remaining claims.

---

[3] Notwithstanding the Defendants' clear denials of any purported negligence by McDermott, Plaintiff cannot claim or even allege that McDermott was negligent in her vehicle operation because of his complete failure to oppose summary judgment on this issue. This Court must disregard all conclusory statements that she was negligent in Plaintiff's arguments as to the other issues raised by the Defendants' motion (e.g., Dkt. No. 82-4 at 2, 18).

The record lacks any evidence that McHugh or Santana had any actual knowledge or such knowledge that any reasonable officer would believe Plaintiff's Constitutional rights were being violated. Instead, Plaintiff engages in a course of purely speculative conjecture about what may have happened (*e.g.*, Dkt. No. 82-4 at 5, 22). Such claims fail to defeat the Defendants' summary judgment motion. *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003). Likewise, the record contains no evidence that McHugh was responsible for Schultz's assignment as a field training officer.

Plaintiff appears to argue that McHugh should have questioned the account of Schultz simply because Schultz has been the subject of civilian complaints in the past (*see* Dkt. No. 82-4 at 5). He also apparently claims that a lack of discipline is the custom, policy, and practice of the City's Police Department sufficient to create *Monell* and personal liability for Derenda and Lockwood. Complaints are not tantamount to actual misconduct. *Abujayyab v. City of New York*, 2018 WL 3978122, *13 (S.D.N.Y. 2018) ("[c]ourts in this Circuit have consistently held that allegations of a single incident, or even a few isolated incidents, will not suffice to permit the inference of a broader municipal policy or custom, even on a motion to dismiss").

The record is devoid of any actual proof of Constitutional violations. It is also important to note that at no time has Schultz been found liable for a Constitutional violation by any Court or other investigation. Schultz has never been disciplined because he has not engaged in the type of misconduct to warrant such. A settlement in a civil lawsuit represents no more than a compromised resolution. No fault or liability

5

ever found against Schultz. Moreover, any allegations regarding the September 12, 2020 incident police involved shooting is of no moment here. Section 1983 municipal liability cannot be premised on alleged conduct after the subject incident. *See O'Neal v. City of New York*, 196 F. Supp. 3d 421, 435 (S.D.N.Y. 2016), *aff'd sub nom. O'Neal v. Morales*, 69 F.App'x 16 (2d Cir. 2017) ("[C]ontemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to conform to constitutional dictates"). Similarly, any complaints against Moriarity do not provide any proof of a Constitutional violation here, much less notice to create *Monell* or supervisory liability. Plaintiff's notice of claim cannot serve as any notice to the Police Department either. He served it only on the Law Department. Ex. A.

Probable cause, or at a minimum arguable probable, is a defense to most of Plaintiff's claims. Probable cause need not correspond to the charged offense. *Jaegly v. Couch*, 439 F.3d 149, 12-54 (2d Cir. 2006). Most importantly, probable cause does not require officers to prove guilt beyond a reasonable doubt at the time of arrest or initiation of the criminal proceeding. In his opposition, Plaintiff improperly ignores that a probable cause determination is based upon the officer's knowledge and perspective at the time. *Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007) (probable cause and arguable probable cause are premised on the "facts and circumstances within the [officers'] knowledge" at the time of arrest). Furthermore, qualified immunity calls for reasonableness, not legal precision. Reasonable mistakes are permitted. The touchstone of the qualified immunity inquiry is reasonableness. *See Myers v. Camden*

*Cent. School Dist.*, 2012 WL 2921574 (N.D.N.Y. July 17, 2012). When a case concerns a qualified immunity defense, the court considers only the facts that were known to the defendant officers. *White v. Pauly*, 137 S. Ct. 548, 550 (2017). Therefore, the observations and perceptions of the McDermott, Velez, Schultz, and Moriarity are determinative.

The observations of Schultz and Moriarity corroborated what McDermott perceived the contact between Plaintiff and the vehicle to be - not an accident. Ex. G at 198, 201-202; Ex. H at 93-94, 173-174, 225-226. Moreover, Plaintiff's own admissions do not conflict with McDermott's opinion. The facts when distilled amount to Plaintiff walked towards the vehicle, not stopping or taking any evasive movements, extended his arms, and closed his eyes. Ex. E at 90; Ex. G at 158, 160, 162; Ex. I at 97, 207. Plaintiff does not even know how his body came in contact with the vehicle. Ex. E at 91.

The video surveillance does not raise the credibility issues that Plaintiff claims (Dkt. No. 82-4 at 15). As an initial matter, there is no sound to the video. The events depicted are from a distance and different angle than those on the street. Most importantly, the video demonstrates what is already undisputed - Plaintiff's body came into contact with the vehicle. Ex. D at 39; Ex. G at 95-97, 163-164; Ex. I at 95, 97. The video is not dispositive on the issue of vehicle damage. The side of vehicle depicted is the opposite side as the driver's mirror and window that both McDermott and Velez observed to be broken. Ex. B; Ex. G at 121; Ex. H at 200-202; Ex. I at 117-118.

Finally, it is illogical to think that the McDermott, Velez, Schultz, and Moriarity engaged in some scheme to cover up an alleged motor vehicle accident by arresting a pedestrian (Dkt. No. 82-4 at 18). An arrest involves the creation of additional paper

7

work (Ex. B) and officers necessarily may have to meet with the District Attorney's Office, testify in criminal court, or otherwise participate in the criminal proceeding. Such actions would not sweep under the rug an accident.

## CONCLUSION

The Defendants respectfully request that this Court grant the motion seeking judgment on the pleadings and summary judgment in favor of the Defendants pursuant to Fed. R. Civ. P. Rule 12(c) and 56, deny Plaintiff's motion for partial summary judgment, and dismiss Plaintiff's action, including all claims, award costs in defending this action, and for such other and further relief that this Court deems necessary, just, and proper.

Dated:  May 21, 2021
        Buffalo, New York

                              Respectfully submitted,

                              Timothy A. Ball, Esq.
                              Corporation Counsel
                              *Attorney for Defendants*

By:    */s/ Maeve E. Huggins*
        Maeve E. Huggins
        Assistant Corporation Counsel
        1112 City Hall
        65 Niagara Square
        Buffalo, New York 14202
        Telephone: (716) 851-4317
        Facsimile: (716) 851-4105
        E-Mail: mhuggins@city-buffalo.com