

**BYRON W. BROWN**
Mayor of Buffalo

**TIMOTHY A. BALL**
Corporation Counsel

## LAW DEPARTMENT

June 14, 2021

*Via CM/ECF*
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

      Re:    James Kistner v. The City of Buffalo, *et al*.
             Civil Action No.: 18-cv-00402

Dear Judge McCarthy:

      Pursuant to this Court's directive (Dkt. No. 102), please accept this correspondence as the Defendants' submission in further support of their pending dispositive motion and the arguments made before this Court on June 7, 2021 (Dkt. No. 101).

      In his opposition, Plaintiff conceded and withdrew his purported separate claims for *respondeat superior*, punitive damages, and attorneys' fees as well as his intentional infliction of emotional distress and assault claims (Dkt. No. 82-4 at 2 n. 1).

      The Defendants further submit that Plaintiff did not substantively oppose the Defendants' arguments for judgment on the pleadings pursuant to Rule 12 as to all claims against the John Doe(s) defendants, all 42 U.S.C. § 1983 claims against Byron Lockwood, Daniel Derenda, David Santana, and Anthony McHugh, his failure to plead properly a *Monell* claim against the City, Lockwood, and Derenda beyond conclusory statements. Plaintiff failed to respond entirely to the Defendants request for dismissal of the state law false imprisonment, "abuse of prosecution," battery, defamation, or "official misconduct, tampering with evidence and spoliation" claims that were not plead in his Notice of Claim (*see* Dkt. No. 69-1 at 9-16).  Likewise, Plaintiff never addressed, much less opposed, the Defendants' summary judgment motion as to his negligence claim (Dkt. No. 69-1 at 35-40).  Finally, he neglected to address the Defendants' request that this Court decline to exercise supplemental jurisdiction over any surviving pendent state law claims (Dkt. No. 69-1 at 40).  Accordingly, Plaintiff conceded all claims and issues not addressed.  *See Hutch Enterprises, Inc. v. Cincinnati Ins. Co.*, No. 16-CV-01010-WMS-JJM, 2019 WL 5783574, at *15

Kistner v. City of Buffalo, et al.
Hon. Jeremiah J. McCarthy                                                                                          Page 2
June 14, 2021

(W.D.N.Y. Aug. 12, 2019); *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 86 (E.D.N.Y. 2019) ("a party concedes through silence arguments made by its opponent that it fails to address"); *CVS Pharmacy, Inc. v. Press America, Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("a party may be deemed to have conceded an argument by failing to address it in its briefing"); *Dean v. University at Buffalo School of Medical and Biomedical Sciences*, 804 F.3d 178, 187 (2d Cir. 2015) ("given their failure to address [the argument] … the district court assumed that Defendants conceded that issue").

As the Court is well aware, "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Notwithstanding his wholesale failure to oppose the Defendants' summary judgment motion on negligence in his opposing papers, Plaintiff's claim that the medical records submitted are inadmissible does not defeat the Defendants' motion. Defendants submitted both Plaintiff's testimony and lack of medical treatment in support of their motion on this issue. Only Plaintiff bears the burden of demonstrating he sustained a serious injury under New York State Insurance Law §5102(d) to prevail on his negligence claim. *Burzynski v. United States*, No. 13-CV-766S, 2016 WL 6298513, at *5 (W.D.N.Y. Oct. 27, 2016).

As to his conduct while at the Erie County Medical Center Emergency Department, Plaintiff admitted in his second amended complaint that he "used four-letter language" and "referred to the defendants and certain ECMC personnel as 'Nazis' or 'Feminazis'." Dkt. No. 61¶112. He also testified to being "boisterous and loud" as well as using the word "feminazis." Dkt. No. 69-7 at 74. Moreover, Plaintiff did not deny the allegations contained in Defendants' statement of material facts (Dkt. No. 82-7 ¶21) other than to attack the submitted medical records as uncertified.

Finally, probable cause does not require "absolute certainty," *see Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003), or "the same type of specific evidence of each element of the offense as would be needed to support a conviction," *see Adams v. Williams*, 407 U.S. 143, 149 (1972). Specifically as to the criminal mischief charge, the Defendants need not produce proof of repair of vehicle damage in an amount to exceed $250.00 to demonstrate probable cause to arrest and charge Plaintiff on January 1, 2017. *Al-Mohammedi v. City of Buffalo*, 2017 WL 163388, at *6 (W.D.N.Y. 2017) ("the relevant inquiry turns on the validity of the arrest, not the validity of each individual criminal charge").

Kistner v. City of Buffalo, et al.
Hon. Jeremiah J. McCarthy                                                                                  Page 3
June 14, 2021

      Nor, does the proof submitted by Plaintiff in his motion for partial summary judgment satisfy his burden. The video surveillance does not depict the side of the vehicle damaged, he produced no affirmative evidence that the vehicle was not damaged, and the expert opinions offered are based upon an incomplete review of the record.

      I remain available should the Court require further briefing on the pending motions. Thank you for Your Honor's consideration.

                          Very truly yours,

                          TIMOTHY A. BALL, ESQ.
                          Corporation Counsel

                          *s/Maeve E. Huggins*
                          By: Maeve E. Huggins
                          Assistant Corporation Counsel
                          Direct Dial (716) 851-4317
                          mhuggins@city-buffalo.com

CC:    R. Anthony Rupp, Esq.