UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES C. KISTNER,

                                        Plaintiff,

v.

CITY OF BUFFALO, BYRON LOCKWOOD,
DANIEL DERENDA, LAUREN
MCDERMOTT, JENNY VELEZ, KARL
SCHULTZ, KYLE MORIARITY, JOHN
DOE(S), DAVID T. SANTANA, and
ANTHONY MCHUGH,

                                        Defendants.

**REPORT AND RECOMMENDATION**

1-18-cv-00402-LJV-JJM

_____

        Familiarity with the relevant facts and procedural history is presumed. Before the court is plaintiff James C. Kistner's motion [112][1] seeking partial reconsideration of my January 11, 2022 Report and Recommendation ("R&R") [108] or, in the alternative, leave to file a Third Amended Complaint. Having considered the parties' submissions [112, 114, 115] and heard oral argument on February 23, 2022, for the following reasons the motion is granted in part and denied in part.

## DISCUSSION

**A. Malicious Prosecution under 42 U.S.C. §1983.**

        Since I acted *sua sponte* in recommending dismissal of Kistner's §1983 malicious prosecution claim, he is entitled to seek reconsideration of that recommendation. *See* R&R [108]

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

at 22, n. 11. However, his arguments for reconsideration do not persuade me that my recommendation was incorrect.

Kistner originally stated that "the criminal proceeding against plaintiff terminated . . . when all charges were dismissed in 'Interest/Furtherance of Justice'". Kistner's Memorandum of Law [68-5]. In recommending dismissal of his §1983 claim for malicious prosecution, I reasoned that "[b]ecause it does not indicate innocence, a dismissal of that type is fatal to Kistner's §1983 claim for malicious prosecution. *See* Hygh v. Jacobs, 961 F.2d 359, 368 (2d Cir. 1992) ('[a] dismissal in the interest of justice is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered . . . . Consequently, as a matter of law, it cannot provide the favorable termination required as the basis for a claim of malicious prosecution')". R&R [108] at 22.

In moving for reconsideration, Kistner argues that that Hygh "is no longer good law". Kistner's Memorandum of Law [112-7] at 10. I disagree. As I stated in my R&R, "affirmative indications of innocence to establish 'favorable termination' . . . continue to govern §1983 malicious prosecution claims, regardless of developments in New York State malicious prosecution law". [108] at 22, *quoting* Lanning v. City of Glens Falls, 908 F.3d 19, 25 (2d Cir. 2018).

Kistner next argues that "transcripts from the criminal proceedings call into question whether the criminal-mischief charge even was dismissed in the interest or furtherance of justice . . . . Rather, based on the transcript, it appears that Mr. Kistner's criminal defense attorney submitted to the District Attorney's Office video footage of the incident, and after receiving and reviewing the video footage, the prosecutor 'move[d] to dismiss the one count of

criminal mischief in the fourth degree'". Kistner's Memorandum of Law [112-7] at 10, *quoting* the transcript of proceedings before Buffalo City Court Judge James A.W. McLeod [112-5] at 2.

However, since a motion is merely a request for relief from the court, what matters is not why the prosecutor moved to dismiss the criminal charges, but why Judge McLeod granted that motion. Thus, Kistner "has the burden of proving that [the] dismissal *affirmatively* indicated his innocence". Johnson v. City of New York, 2020 WL 2732068, *5 (S.D.N.Y. 2020) (emphasis added). For example, in dismissing plaintiff's §1983 malicious prosecution claim, the court in Lanning noted that "none of the reasons the Glens Falls City Court stated on the record for dismissing the charges . . . indicate Lanning's innocence". 908 F.3d at 28.

Just as in Lanning, here nothing stated by Judge McLeod affirmatively indicated Kistner's innocence. Instead, the certificate of disposition ([68-3] at 336), which Kistner himself submitted to this court, states that the dismissal of the criminal charges was in the "Interest/Furtherance of Justice". While Kistner suggests that "it is not entirely clear why [the] certificate of disposition lists the dismissal as being 'in the Interest/Furtherance of Justice" (Kistner's Memorandum of Law [112-7] at 10), the certificate speaks for itself, and "as a matter of law . . . cannot provide the favorable termination required as the basis for a claim of malicious prosecution". Hygh, 961 F.2d at 368.[2] Therefore, I continue to recommend that Kistner's §1983 claim for malicious prosecution be dismissed.

---

[2]   *Compare with* Mortimer v. Wilson, 2020 WL 3791892, *11 (S.D.N.Y. 2020) ("The charges against C.S. were dismissed upon the motion of the ADA, and the docket sheet for C.S.'s criminal case recites the reason for dismissal as the 'People cannot prove beyond a reasonable doubt'").

B.     **Amendment Pursuant to Fed. R. Civ. P. ("Rule") 15(b).**

Kistner also "seeks reconsideration of the portions of the R&R that recommended the dismissal of his claims against Santana, McHugh, Lockwood, and the City of Buffalo for pleading deficiencies identified by the Court. Under [Rule] 15(b), the Court was permitted to deem the complaint amended to conform to the proof offered by both parties in support of their respective motions for summary judgment - proof that the Court determined was sufficient to raise a triable issue of fact regarding the personal involvement and liability of defendants Lockwood, Santana, McHugh, and the City of Buffalo". Kistner's Memorandum of Law [112-7] at 2.

However, Rule 15(b)(2) "deems" a pleading to be amended only where "an issue not raised by the pleadings is tried by the parties' express or implied consent", whereas here - by moving to dismiss pursuant to Rule 12(c) - defendants made clear that they did *not* consent to consideration of unpleaded claims. *See* defendants' Memorandum of Law [69-1] at 2 ("Defendants respectfully move on the grounds that Plaintiff failed to state a cause of action regarding certain claims and that the Defendants are entitled to summary judgment because the *remaining* claims lack merit") (emphasis added).

C.     **Amendment Pursuant to Rule 16(b)(4)**

In the alternative, Kistner moves for leave to file a Third Amended Complaint. In granting Kistner's motion for leave to file a Second Amended Complaint [53], I stated that "to avoid any uncertainty in the future, I consider the deadline for amendments to be - at the latest - the date on which this motion was filed [namely August 24, 2020]. Therefore, absent truly

compelling reasons, no further pleading amendments will be allowed." September 24, 2020 Decision and Order [59] at 3, n.3.

Kistner acknowledges that "[w]here, as here, a scheduling order governs amendments to the complaint, the . . . lenient standard under Rule 15 must be balanced against the requirement under Rule 16(b)(4) that the Court's scheduling order shall not be modified except upon a showing of good cause . . . Generally, a finding of 'good cause' depends on the diligence of the moving party." Kistner's Memorandum of Law [112-7] at 13. Thus, "when an untimely motion for leave to amend is filed, the standards of Rule 16(b) must be met first and cannot be short-circuited by an appeal to those of 15(a)". Nanjing CIC International Co. v. Schwartz, 2022 WL 170606, *8 (W.D.N.Y. 2022). Although the court may also consider the absence of prejudice to the opposing party, Kassner v. 2nd Avenue Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007), "the absence of prejudice alone does not constitute good cause under Rule 16". Nanjing, *9; Gullo v. City of New York, 540 F. App'x 45, 47 (2d Cir. 2013).

Kistner argues that he "satisfied the 'good cause' requirement of Rule 16" because he "did not obtain documents and information necessary to allege specific deficiencies in the City Defendants' investigation of the January 1, 2017 incident until after this Court's Decision and Order granting Plaintiff's motion to amend . . . . It was not until October 13, 2020 that the City Defendants disclosed the internal affairs file pertaining to the City of Buffalo's so-called investigation of the on-scene officers' conduct", and "it was not until October 20, 2020 that the City Defendants produced Byron Lockwood for a deposition. The proof supporting Plaintiff's Monell claim against the City of Buffalo relied mostly on the testimony elicited during defendant Lockwood's deposition, and Plaintiff was not privy to this information before his deposition was taken". Kistner's Memorandum of Law [112-7] at 14-15.

I agree that Kistner could not, with reasonable diligence, have obtained the information alleged in ¶¶164 and 171-174 of his Proposed Third Amended Verified Complaint [112-3] in advance of the August 24, 2020 deadline for amendments, since defendant Lockwood was not produced for a deposition until October 14, 2020 ([82-1] at 3),[3] just two days before the deadline for completion of fact discovery under the Fourth Amended Case Management Order ([49], ¶1).[4]

In opposing the motion, defendants argue that Kistner "waited 15 months to file the instant motion for leave to amend the complaint, and he does not offer any reason for the delay". Defendants' Memorandum of Law [114] at 6. However, "a plaintiff is unlikely to know whether his complaint is actually deficient - and in need of revision - until after the District Court has ruled. Once [plaintiff] had actual notice of the perceived deficiencies in its complaint, it promptly moved" to amend. United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co., 839 F.3d 242, 250 (3d Cir. 2016). Moreover, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend". Cho v. Blackberry Ltd., 991 F.3d 155, 169 (2d Cir. 2021).

Defendants argue that they "are clearly prejudiced by plaintiff's undue delay because a motion for judgment on the pleadings has already been made and decided in defendants' favor". Defendants' Memorandum of Law [114] at 6. However, no final ruling had been made - instead, I recommended only that Kistner's claim for Monell liability against the

---

[3]   Kistner's statement that Lockwood's deposition was held on October 20, 2020 is erroneous.

[4]   However, because Kistner has failed to demonstrate that he could not, with reasonable diligence, have timely alleged the remainder of his proposed amendments, I recommend that those amendments be denied.

City of Buffalo be dismissed "unless a further amendment is both requested and granted". R&R [108] at 15.

## CONCLUSION

For the foregoing reasons, I recommend that Kistner's motion [112] be granted to the extent of adding the allegations in ¶¶164 and 171-174 of his Proposed Third Amended Verified Complaint and, based on these allegations, rescinding my prior recommendation that his claim for Monell liability against the City of Buffalo be dismissed, but that his motion be in all other respects denied.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by March 14, 2022. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision." Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law, or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection ... supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal [or] factual arguments, or identifying the new

arguments and explaining why they were not raised to the Magistrate Judge." Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: February 28, 2022.

                                                                    JEREMIAH J. MCCARTHY
                                                                     United States Magistrate Judge