UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES C. KISTNER,

                                          **REPORT AND**
                                          **RECOMMENDATION**

                          Plaintiff,

v.                                              1-18-cv-00402-LJV-JJM

CITY OF BUFFALO, BYRON LOCKWOOD,
DANIEL DERENDA, LAUREN
MCDERMOTT, JENNY VELEZ, KARL
SCHULTZ, KYLE MORIARITY, JOHN
DOE(S), DAVID T. SANTANA, and
ANTHONY MCHUGH,

                          Defendants.
_____

        Familiarity with the relevant facts and procedural history is presumed. Before the court is plaintiff James C. Kistner's motion [124][1] for partial reconsideration my January 11, 2022 Report and Recommendation [108], based on an intervening change in the law. Having reviewed the motion and defendants' response [128], for the following reasons I recommend that the motion be granted.

**DISCUSSION**

        I recommended that Kistner's 42 U.S.C. §1983 claim for malicious prosecution of the criminal mischief charge be dismissed because the state court termination of that charge did not affirmatively indicate Kistner's innocence. Report and Recommendation [108] at 22, *quoting* Lanning v. City of Glens Falls, 908 F.3d 19, 25 (2d Cir. 2018), which held that the requirement

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (top right corner of the page).

of "affirmative indications of innocence to establish 'favorable termination' . . . continue to govern §1983 malicious prosecution claims".

In moving for reconsideration of that recommendation, Kistner relies upon the Supreme Court's April 4, 2022 decision in Thompson v. Clark, ___U.S.___, 2022 WL 994329, which overruled Lanning and held "that a Fourth Amendment claim under §1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction". Id. at *7; Kistner's April 6, 2022 Letter Brief [124] at 1.

Responding to the motion, defendants concede that, in light of Thompson, "to satisfy the favorable termination element of a federal malicious prosecution claim, a plaintiff need only show that the criminal prosecution ended without a conviction . . . . Because plaintiff has shown here that the criminal charges against him were dismissed in the interest/furtherance of justice . . . defendants accept that plaintiff meets the new federal law standard for favorable termination". Defendants' April 12, 2022 Letter Brief [128] at 1.

## CONCLUSION

For these reasons, I recommend that Kistner's motion for reconsideration [124] be granted, and that my January 11, 2022 Report and Recommendation [108] be modified to recommend that Kistner be granted summary judgment against defendants McDermott and Schultz under 42 U.S.C. §1983 for malicious prosecution of the criminal mischief charge, for the same reasons that I have recommended granting that relief on his claim for malicious prosecution under New York law. *See* Report and Recommendation [108] at 22-23.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by May 16, 2022. *See* [127]. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision." Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law, or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection ... supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal [or] factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 12, 2022.

        /s/Jeremiah J. McCarthy
        JEREMIAH J. MCCARTHY
        United States Magistrate Judge