UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
===============================

JAMES KISTNER,

               Plaintiff,

v.                                        18-cv-402-LJV-JJM

CITY OF BUFFALO, BYRON LOCKWOOD,
DANIEL DERENDA, LAUREN MCDERMOTT,
JENNY VELEZ, KARL SCHULTZ,
KYLE MORIARITY, JOHN DOE(S),
DAVID T. SANTANA and ANTHONY
MCHUGH,

               Defendants.
===============================

## OBJECTIONS TO REPORTS AND RECOMMENDATIONS

Judge McCarthy issued three reports and recommendations [108; 119; 129].[1] Defendants respectfully submit these objections to two of them [108; 119].

## Standard of Review

The district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Specific objections are reviewed under a de novo standard. *See* 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(b)(3). "The de novo standard requires that the district court give fresh consideration to those issues to which specific objections have been made and examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Teixeria v. St. Jude Med. S.C., Inc.*, 193 F. Supp. 3d 218, 222 (W.D.N.Y. 2016) (internal quotation marks and alternation omitted).

---

[1]     Bracketed references are to the docket.

1

### First Objection

In their motion for judgment on the pleadings, defendants argued that certain state law claims in the second amended complaint should be dismissed because they were not included in plaintiff's notice of claim [69-1 pp. 15-16] [69-4]. Even though plaintiff did not respond to this argument, the R&R finds that such claims should not be dismissed at the pleading stage [108 p. 11]. The R&R should have dismissed such claims because "a party concedes through silence arguments made by its opponent that it fails to address." *Gustavia Home, LLC v. Hoyer*, 362 F.Supp.3d 71, 85 (E.D.N.Y. 2019); *see Scott v. JPMorgan Chase & Co.*, 2014 WL 338753, *10 (S.D.N.Y. 2014) (collecting cases), aff'd 603 F.App'x 33 (2d Cir. 2015). Plaintiff should be deemed to have conceded that his state law claims for false imprisonment, abuse of prosecution, and battery are subject to dismissal.

### Second Objection

The first R&R found that plaintiff's §1983 claims against Lockwood, Derenda, Santana, McHugh, and the City of Buffalo should be dismissed [108 pp. 11-15]. Thereafter, plaintiff moved for leave to file a third amended complaint (112). In addressing that motion, Judge McCarthy issued a second R&R concluding that plaintiff's motion should be granted to the extent of adding the allegations in ¶¶164 and 171-174 of the proposed third amended complaint [119 p. 7] [112-2 pp. 38, 39-40]. And, based on these new allegations, Judge McCarthy recommended that plaintiff's *Monell* claim against the City of Buffalo be allowed to proceed, but that his motion be in all other respects denied [119 p. 7]. For these reasons stated in

defendants' opposition to plaintiff's motion [114 pp. 5-6], defendants submit that Judge McCarthy erred in recommending that plaintiff's motion be granted in part.

In the interest of judicial efficiency, Judge McCarthy analyzed the parties' summary judgment motions as though plaintiff's *Monell* claim against the City had been properly alleged [108 pp. 15, 28-30]. Based solely on Lockwood's conduct occurring after the events that gave rise to this action—i.e., Lockwood's investigation and decision to not discipline the officers—Judge McCarthy found that Lockwood "ratified [his officers'] actions in a manner sufficient to impose *Monell* liability upon the City of Buffalo" [108 p. 30].

There is no evidence in this case of a municipal policy or custom that caused the alleged deprivations of plaintiff's constitutional rights. Plaintiff argues, and Judge McCarthy agrees, that the City ratified the officers' conduct by failing o properly investigate or discipline them after the incident. However, "the [City's] alleged failure to discipline [the officers] after the incident does not, standing alone, amount to a plausible allegation that the [City] persistently failed to discipline subordinates who violate civil rights so as to give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of *Monell*." *Santiago v. City of Rochester*, 2022 WL 856780, *4 (W.D.N.Y. 2022) (internal quotation marks and alterations omitted), quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). Moreover, the record contains no proof of causation, i.e., that the police were executing a City policy on January 1, 2017.

Plaintiff offers no evidence of the existence of any policy or custom that would subject the City to *Monell* liability, let alone a causal connection between that

3

policy or custom and plaintiff's alleged injuries. Accordingly, the court should dismiss plaintiff's *Monell* claim on the pleadings, or enter summary judgment in favor of the City on such claim.

### Third Objection

The R&R concludes that plaintiff should be granted summary judgment against McDermott, Velez, Schultz and Moriarty on his false arrest claim arising from his arrest for criminal mischief in the third degree [108 pp. 16-21]. In relevant part, criminal mischief in the third degree requires that a person intentionally damage the property of another in an amount exceeding $250. Penal Law §145.05(2). The dipositive question is whether plaintiff's arrest was supported by probable cause, or arguable probable cause so as to afford qualified immunity to the officers. Judge McCarthy found that the video conclusively refutes the officers' testimony that plaintiff threw himself at the police SUV while the vehicle was stopped [108 p. 3], and that McDermott and Schultz admitted as much [108 p. 18].

However, the officers admitted as much after viewing the video during their depositions, and the probable cause determination is an objective one based upon "those facts available to the officer at the time of the arrest and immediately before it." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) (internal quotation marks omitted). From his vantage point and through his driver's side mirror [75 CM/ECF pp. 94-95], Schultz observed plaintiff throw himself at the vehicle and make contact the police SUV's driver's side mirror [108 pp. 3, 4]. Moriarty and McDermott also testified that plaintiff threw himself into the vehicle

4

[108 p. 3]. Moreover, Schultz, McDermott and Velez testified that the mirror was damaged [108 pp. 4, 18-19].

Notwithstanding the officers' testimony that plaintiff intentionally damaged the vehicle, Judge McCarthy discredited their testimony because a "maintenance" record does not indicate that the mirror was repaired [68-2 p. 29]. This record does not conclusively establish that the mirror was not damaged, especially for purposes of ruling on plaintiff's motion for summary judgment. In concluding otherwise, the R&R impermissibly draws an inference in plaintiff's favor. Indeed, in addressing defendants' motion for summary judgment on plaintiff's false arrest claim, the R&R acknowledges that plaintiff "is entitled to the benefit of [certain] inferences," including the inference that the vehicle was not damaged because it was not repaired (108 p. 26). It is improper, however, for the R&R to draw that inference in plaintiff's favor on plaintiff's motion for summary judgment.

Furthermore, "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). This legal point was raised in defendants' summary judgment briefing [69-1 p. 19] [99 p. 6]. Defendants ask the court to "focus on the validity of the *arrest,* and not on the validity of [the] charge." *Id.* (emphasis in original). For example, intentionally damaging property of another, irrespective of the amount of the damage, constitutes criminal mischief in the fourth degree. Penal Law §145.00(1).

In a third degree criminal mischief case, to establish that the damage caused by the defendant exceeded $250, there generally needs to be evidence of the reasonable cost of repairing the property. *See People v. Shannon*, 57 A.D.3d 1016 (3rd Dept. 2008). Comparatively, "the extent of damage necessary to sustain a conviction for fourth degree criminal mischief is slight, [but] some amount of damage is required." *People v. Hills*, 95 N.Y.2d 947, 949 (2000). Here, even though there is no repair record showing that the amount of damage to the police vehicle exceeded the statutory threshold of $250 for third degree criminal mischief, the officers' testimony that the mirror was damaged, coupled with officers' perspective that plaintiff intentionally threw himself at the vehicle, was enough to establish probable cause to arrest plaintiff.

### Fourth Objection

In the first R&R, the court concluded that plaintiff should be granted summary judgment against McDermott and Schultz on his state law claim for malicious prosecution of the criminal mischief charge (108 pp. 21-23). With respect to the same claim, the first R&R also found that the record contains sufficient evidence to create an issue of fact as to the personal involvement of Moriarty, Santana, McHugh and Lockwood in plaintiff's prosecution (108 pp. 25-27).

After the first R&R was issued, there was a change in the law regarding what a favorable termination entails under §1983 for malicious prosecution. *See Thompson v. Clark*, 142 S.Ct. 1332 (2022) (overruling prior Second Circuit authority that required plaintiff to show his prosecution ended "with some

6

affirmative indication of innocence," such as an acquittal; and holding that a plaintiff need only show that his prosecution ended "without a conviction").

In light of *Thompson*, and since the charges against plaintiff were ultimately dismissed, Judge McCarthy issued a third R&R concluding that plaintiff should be granted summary judgment against McDermott and Schultz on his §1983 malicious prosecution claim as well [129].

Judge McCarthy did not address the issue of probable cause with regard to the criminal mischief charge, presumably because he already found that probable cause was lacking to arrest plaintiff for criminal mischief. It is true that "[t]he probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases." *Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013). However, if the facts that supported probable cause to arrest are sufficient to "lead a reasonably prudent person to believe the plaintiff guilty, as required for probable cause to prosecute a [charge]," then summary judgment is appropriately granted to the defendant on a malicious prosecution claim. *Ashley v. City of New York*, 992 F.3d 128, 138 (2d Cir. 2021).

Here, Judge McCarthy finds that the officers falsely claimed that plaintiff intentionally damaged the police vehicle. His finding is based on 1) there being no evidence of any repair to the mirror; 2) the officers' deposition testimony, after they viewed the video, that the police SUV appeared to be moving forward at the time of impact and that plaintiff did not throw himself into the vehicle; and 3) the video itself, which undisputedly "does not show the precise point of impact or whether the vehicle was damaged" (108 p. 17).

7

The lack of evidence of a repair is immaterial to the court's assessment of probable cause to arrest and prosecute plaintiff. As previously indicated, in assessing whether probable cause exists, "courts must consider those facts *available to the officer* at the time of the arrest and immediately before it." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (emphasis in original) (internal quotation marks omitted). Here, the officers testified that the police vehicle's driver's side mirror was damaged, and there is no on-scene evidence suggesting otherwise. If the mirror was not repaired, or if there is no record of any repair, or if a repair record cannot be located, these after-the-fact speculations are insufficient to defeat summary judgment. Similarly, the officers' deposition testimony after viewing the video is not significantly probative because the issue in this case "is not whether someone with the benefit of perfect information and of hindsight would think that there was probable cause at the time of the arrest." *Ali v. City of New York*, 2012 WL 3958154, *4 (S.D.N.Y. 2012). Additionally, it is important to keep in mind that the camera angle of the video does not match the perspective of the officers at the scene.

If the court concludes that actual probable cause did not support plaintiff's arrest and prosecution, the officers should have qualified immunity based on the arguable probable cause standard, as it cannot be said that *every* reasonable officer (in the defendant officers' shoes) would have thought that probable cause was lacking to arrest and charge plaintiff with criminal mischief. *See Zalaski v. City of Hartford*, 723 F.3d 382, 391 (2d Cir. 2013).

### Fifth Objection

"[B]ecause there can be no failure to intervene where there was no constitutional violation, [plaintiff's] failure to intervene claim against [the officers] must also fail." *Hardy v. Daly*, 748 F.App'x 379, 381 (2d Cir. 2018) (internal citation, alternations and quotation marks omitted). Therefore, the R&R should have recommended the dismissal of this claim because the officers had no reason to intervene on plaintiff's behalf (108 pp. 30-31).

### Sixth Objection

If the court does not dismiss plaintiff's battery claim at the pleading stage, and if the court agrees with defendants that there was a lawful arrest, then the court should dismiss plaintiff's battery claim on the merits. Intentional contact with the arrested person is not a battery where, as here, there is no evidence that such contact was unreasonable. *See Cunningham v. United States*, 472 F.Supp.2d 366, 381 (E.D.N.Y. 2007). Plaintiff was assisted to his feet and escorted away in handcuffs [75 CM/ECF pp. 108-09].

### Conclusion

It is respectfully submitted that the court should sustain the objections stated herein and enter judgment in favor of defendants.

Dated:  Buffalo, New York
        June 15, 2022

        Respectfully submitted,

        Cavette A. Chambers
        Corporation Counsel
        Attorney for Defendants

        By: s/David M. Lee
        Assistant Corporation Counsel
        City of Buffalo Department of Law
        65 Niagara Square, 1104 City Hall
        Buffalo, New York 14202
        (716) 851-9691
        dlee@city-buffalo.com

*****

## Certification

I certify pursuant to Loc.R.Civ.P. 72(c) that these objections do not raise any new issues, except for objection six, above, which was not raised to Judge McCarthy because, upon information and belief, defense counsel mistakenly believed that plaintiff's battery claim was not included in his notice of claim, and then plaintiff did not respond to defendants' argument that said claim was subject to dismissal on that ground. Furthermore, these objections do expand on prior arguments and cite new case law, in order to shed additional light on the legal questions involved. I respectfully ask the court to consider all objections and arguments raised by defendants.

Dated:       Buffalo, New York
               June 15, 2022

                                        s/David M. Lee