UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
===============================

JAMES KISTNER,

           Plaintiff,

v.                                                     18-cv-402-LJV-JJM

CITY OF BUFFALO, BYRON LOCKWOOD,
DANIEL DERENDA, LAUREN MCDERMOTT,
JENNY VELEZ, KARL SCHULTZ,
KYLE MORIARITY, JOHN DOE(S),
DAVID T. SANTANA and ANTHONY
MCHUGH,

           Defendants.
===============================

**RESPONSE TO OBJECTIONS TO REPORTS AND RECOMMENDATIONS**

        Defendants respectfully submit this response to plaintiff's objections [132] to the reports and recommendations issued by Judge McCarthy [108, 119, 129].

I.

        The R&R finds that the second amended complaint did not plausibly allege the personal involvement by Lockwood, Santana and McHugh in the alleged constitutional deprivations [108 pp. 12-13]. In the interest of judicial efficiency, however, Judge McCarthy analyzed the parties' summary judgment motions as though plaintiff's claims had been properly pled, and found that the record contains sufficient evidence to create an issue of fact as to the personal involvement by these three defendants in certain 1983 claims.

        Failure to allege that a defendant was personally involved renders the complaint "fatally defective on its face" for purposes of 1983 liability. *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987). Thus, plaintiff argues that the court

1

should allow him to amend his pleading to conform to the proof presented at summary judgment, pursuant to Fed.R.Civ.P. 15(b). Some courts have applied Rule 15(b) to conform pleadings to the proof offered at summary judgment, but "<u>only</u> when the unpleaded issues are litigated with the express or implied consent of the parties." *Myers v. Moore*, 326 F.R.D. 50, 61 (S.D.N.Y. 2018) (internal quotation marks omitted) (emphasis in original), citing *Luria Bros. & Co. v. All. Assur. Co.*, 780 F.2d 1082, 1089 (2d Cir. 1986) ("the crucial test is whether the parties have consented to litigation of the issue; it must have been tried by their express or implied consent"). Here, when they moved for judgment on the pleadings, the defendants made clear that they did not consent to consideration of matters on summary judgment that were not sufficiently pled in the second amended complaint.

  While plaintiff points out that he moved for summary judgment two days before the defendants filed their motion, it is not evident what significance there is to the timing of the parties' motions. Regardless of who filed first, the defendants did not consent to summary judgment adjudication of claims that were not adequately pled. It's not as if the defendants filed their Rule 12(c) motion after Judge McCarthy issued his summary judgment recommendation. Furthermore, it is within the court's sound discretion to address a defendant's Rule 12(c) motion first because pleadings frame the dispute and, if the motion is granted, certain issues will be taken out of the case before summary judgment determination. Finally, contrary to plaintiff's contention, it cannot be said that the defendants "impliedly consented" to litigating plaintiff's deficient claims at summary judgment when they explicitly

opposed such litigation. The court should reject plaintiff's invitation to simply ignore pleading requirements.

Alternatively, plaintiff objects to the report's recommendation to deny plaintiff's motion for leave to file a third amended complaint to add allegations of personal involvement against the three defendants. The deadline set by the court for pleading amendments was August 24, 2020 [59 at n.3] [53] and plaintiff did not make his motion until January 25, 2022 [112]. Thus, to satisfy the good cause requirement of Rule 16, plaintiff argued that he lacked the information necessary to adequately plead a *Monell* claim in advance of the deadline for amendments [112-7 CM/ECF pp. 14-15]. The court agreed with plaintiff's argument, but recommended that his motion be in all other respects denied [119 pp. 5-6, 7].

Judge McCarthy's recommended denial is correct because the record does not suggest that plaintiff acted with reasonable diligence to obtain relevant discovery and move to amend his complaint for a third time to add claims of personal involvement against the three *individual* defendants. To explain the delay, plaintiff claims that he did not know that his second amended complaint was deficient for failure to allege personal involvement until after Judge McCarthy issued his recommendation [132 CM/EFC pp. 10-11]. However, when Rule 16 governs, the issue is not whether the plaintiff was on notice of potential deficiencies, or whether a proposed amendment meets pleading standards. Indeed, contrary to plaintiff's apparent understanding [132 CM/ECF pp. 14-19], Judge McCarthy never found that the proposed amendments respecting personal involvement of the three individual defendants were insufficient [119]. Demonstrating good cause under Rule 16

requires the moving party to show that it has been diligent in attempting to meet scheduling deadlines, and plaintiff here has failed to meet that standard with respect to the individual defendants.[1] For these reasons, there is no error in the recommended dismissal of plaintiff's §1983 claims for failure to plead the personal involvement of Lockwood, Santana and McHugh.

II.

Plaintiff's second objection is that Judge McCarthy erred in recommending the denial of plaintiff's motion for summary judgment against Velez and Moriarity for malicious prosecution relating to the criminal mischief charge. As to Velez, plaintiff argues that she provided false information to prosecutors when she completed a request for examination under New York Mental Hygiene Law Section 9.41 [68-3 p. 334]. But there is no evidence that the 9.41 request form was forwarded to prosecutors by anyone. And Velez did not sign the charges or tell McHugh that plaintiff intentionally damaged the police vehicle. As to Moriarity, he never created false evidence in the form of his observations that was forwarded to prosecutors. As explained in the defendants' objections, neither Moriarity nor any other officer on the scene "falsely claimed" that plaintiff threw himself at the police vehicle. They reported their perceptions of the incident. In any event, because neither Velez nor Moriarity provided a basis for plaintiff's prosecution, Judge McCarthy's

---

[1] The defendants also object to those portions of the reports and recommendations 1) granting plaintiff's motion to amend his *Monell* claim and 2) denying their motion for summary judgment seeking dismissal of plaintiff's *Monell* claim [133 at pp. 2-4].

4

recommendation to deny summary judgment against the officers for malicious prosecution is correct [108 p. 23].

### III.

In his third objection, plaintiff argues that his yelling of abusive and obscene words while at ECMC did not create a risk of public disorder that would support a disorderly conduct charge. For the reasons stated by Judge McCarthy [108 p. 25], plaintiff's argument is without merit and his claims related to the offense of disorderly conduct should all be dismissed. Plaintiff's argument, amounting to an assertion that he was allowed to yell and curse at hospital staff because ECMC employees could be considered state actors for First Amendment purposes, is misplaced. A person may not commit disorderly conduct simply because he is allegedly engaged in First Amendment speech. *Feiner v. New York*, 340 U.S. 315, 320 (1951), affirming *People v. Feiner*, 300 N.Y. 391, 400 (1950). Also, the disorderly conduct statute proscribes abusive or obscene language done in a "public place." *See* New York Penal Law §240.20(3). ECMC is a public place. *Id.* §240.00(1). It makes no difference under the statute if the defendant utters abusive language at state actors or private civilians if the defendant creates a risk of public disorder. Plaintiff's third objection should be rejected.

### IV.

Plaintiff did not plead and cannot establish a failure to intervene claim against Lockwood. To establish such a claim, a plaintiff must prove, inter alia, that the defendant had a reasonable opportunity to intervene and prevent the alleged constitutional harm. *Thomas v. City of Troy*, 293 F.Supp.3d 282, 296 (N.D.N.Y.

5

2018). Here, Lockwood was not present at the scene of the incident. He was not even made aware that it had occurred until approximately three years later. He did not know about the officers' interaction with plaintiff to have an opportunity to intervene. Furthermore, in the proposed third amended complaint, attached as an exhibit to plaintiff's motion to amend, Lockwood is not named as defendant on the claim for failure to intervene [112-2 pp. 56-57]. Plaintiff has no claim against Lockwood for failure to intervene both as a pleading matter and on the merits.

The court should reject all of plaintiff's objections.

Dated:    Buffalo, New York
          July 27, 2022

                Respectfully submitted,

                Cavette A. Chambers
                Corporation Counsel
                Attorney for Defendants

                By: s/David M. Lee
                Assistant Corporation Counsel
                City of Buffalo Department of Law
                65 Niagara Square, 1104 City Hall
                Buffalo, New York 14202
                (716) 851-9691
                dlee@city-buffalo.com