UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES C. KISTNER,

            Plaintiff,

  vs.                                                     Civil No.:  18-CV-00402

THE CITY OF BUFFALO, BYRON LOCKWOOD,
DANIEL DERENDA, LAUREN McDERMOTT,
JENNY VELEZ, KARL SCHULTZ, KYLE MORIARITY,
DAVID T. SANTANA, and ANTHONY McHUGH,

            Defendants.
_____

# PLAINTIFF'S REPLY REGARDING HIS OBJECTIONS
# TO THE REPORT AND RECOMMENDATION
# <u>OF THE MAGISTRATE JUDGE</u>

**RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
*Attorneys for Plaintiff*
R. Anthony Rupp III
Chad A. Davenport
1600 Liberty Building
Buffalo, New York  14202
rupp@ruppbaase.com
davenport@ruppbaase.com
(716) 854-3400

**PRELIMINARY STATEMENT**

Plaintiff, James C. Kistner, respectfully submits the following reply to the defendants' response to his objections to the Report and Recommendation[1] ("R&R") of the Hon. Jeremiah J. McCarthy ("Magistrate").

For the reasons stated herein, and in the plaintiff's previous submissions, the plaintiff has raised sufficient grounds for modification of the R&R in part. Thus, after conducting a de novo review, the Court should issue an order consistent with the objections filed by the plaintiff on June 15, 2022. (*See* Docket Entry No. ("Dkt.") 132).

**ARGUMENT**

I. **Plaintiff's Objections Have Merit and Raise Sufficient Grounds for Rejection or Modification of the Magistrate's R&R as to Whether His Claims Against Lockwood, Santana, and McHugh Should be Dismissed for Alleged Pleading Deficiencies.**

In response to the plaintiff's first objection, the defendants argue that the Court should not deem the complaint amended to conform to the proof offered by the parties in support of their respective motions for summary judgment merely because they included in their notice of motion a request for relief pursuant to Rule 12(c). Again, as the plaintiff correctly argued in his objections to the R&R, while it is true that the defendants moved for judgment on the pleadings, that fact does not lead to the conclusion that "the defendants made clear that they did not consent to consideration of matters . . . that were not sufficiently pled in the second amended complaint." (*See* Dkt. 137, at p. 2).

---

[1] As explained in the plaintiff's objections, for ease of the Court's review, the plaintiff will refer to the Magistrate's January 11, February 28, and April 12, 2022 Reports and Recommendations collectively as the "Report and Recommendation" to which his objections are directed. (Dkts. 108, 119, and 129).

To determine whether a party impliedly consented to litigating an issue not presented by the pleadings, courts examine whether the parties recognized that the issue had entered the case. *Luria Bros. & Co. v. All. Assurance Co.*, 780 F.2d 1082, 1089 (2d Cir. 1986). "A significant part of the analysis is 'whether the nonmoving party had an opportunity fully to contest the issue.'" *CIT Bank, N.A. v. Zisman*, No. 17-CV-02126, 2021 WL 3354047, at *6 (E.D.N.Y. Mar. 1, 2021).

Here, the defendants' submissions at the summary judgment stage regarding the personal involvement of defendants Santana, McHugh, and Lockwood focused on the *merits* of those issues, not whether they were adequately pled in the plaintiff's complaint. (*See* Dkt. 69-1, pp. 23, 28-31 ("*The record is clear* that McDermott signed on the criminal charges and Velez completed the request for mental health evaluation. Therefore, Lockwood . . . Santana, and McHugh lacked sufficient personal involvement to establish liability for malicious prosecution.") (emphasis added)). Not once did the defendants assert that the alleged pleading deficiencies in the plaintiff's second amended complaint caused them to be disadvantaged in any respect.

More importantly, however, the defendants impliedly agreed that the plaintiff's claims against these three defendants had entered the litigation long before the parties engaged in summary judgment briefing on the issue. Specifically, throughout the course of this litigation, the defendants allowed the plaintiff to collect substantial evidence regarding the personal involvement of Lockwood, Santana, and McHugh, including hours of deposition testimony from each defendant focusing on their actions and omissions contributing to the incidents and Mr. Kistner's injuries. Had the defendants believed that the plaintiff's allegations were insufficient to support the personal involvement of these defendants, then they should have moved for judgment on the pleadings before the plaintiff and his attorneys incurred substantial

expenses in collecting such evidence, not in response to the plaintiff's motion for summary judgment.[2]  In allowing the plaintiff to litigate this case as if the allegations supporting the personal involvement of these defendants was not in dispute, and by failing to make a timely request for relief pursuant to Rule 12(c), the Court should find that the defendants impliedly consented to litigating the involvement of Lockwood, Santana, and McHugh in the incidents giving rise to this litigation.  *See, e.g., Ho Myung Moolsan, Co., Ltd. v. Manitou Mineral Water, Inc.*, No. 07-CV-7483, 2010 WL 4892646, at *13 (S.D.N.Y. Dec. 2, 2010) ("A party's implied consent can be found in, for example, actually litigating an issue, prompting witness testimony on the issue, briefing the issue, or raising the issue at oral argument"), *aff'd* 501 Fed. App'x 85 (2d Cir. 2012)).

In the alternative, the plaintiff asserted in his objections that the Court should find that the Magistrate erred in failing to grant him leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a) and/or (b).  Here, despite the defendants' arguments to the contrary, the plaintiff satisfied the "good cause" requirement of Rule 16 because he was diligent in pursuing discovery to obtain the facts necessary for these amendments.  *See, e.g., Mason Tenders Dist. Council of Greater N.Y. v. Phase Construction Serv., Inc.*, 318 F.R.D. 28, 37 (S.D.N.Y. 2016).  As explained in his objections, the defendants obstructed the plaintiff's ability to collect this evidence supporting his amendments, and they did not even disclose the identities of Santana and McHugh until more than a year after this case was filed.  It was only after multiple requests, intervention by the Magistrate, and then the deposition of each witness identified by the

---

[2] On that note, the defendants provide no authority for their assertion that a motion for judgment on the pleadings should be addressed before a motion for summary judgment.  Rather, the more practical and fair approach seems to be that the Court should address motions in the order in which they were filed.  That is the approach that the plaintiff advocated for in his objections (*see* Dkt. 132, at pp. 5-6), and had the Magistrate taken this approach the pleading deficiencies identified in his R&R effectively would have been rectified as the pleadings automatically would have been deemed amended to conform to the evidence submitted by the plaintiff in support of his summary judgment motion pursuant to Fed. R. Civ. P. 15(b).

defendants that the plaintiff obtained sufficient information to seek the amendments that support the personal involvement of each defendant.

The Court should not reward the defendants for their litigation tactics. They cannot obstruct discovery and then claim that the plaintiff was not diligent. There is no question that under these circumstances, the plaintiff acted diligently in seeking the amendments in question in satisfaction of Fed. R. Civ. P. 16(b)(4)'s good-cause requirement, and the Magistrate erred in concluding otherwise.[3]

## II. Plaintiff's Objections Have Merit and Raise Sufficient Grounds for Rejection or Modification of the Magistrate's R&R as to Whether Summary Judgment Should be Entered Against Velez and Moriarity Regarding Plaintiff's Malicious Prosecution Claims.

Defendants' response to the plaintiff's second objection rests on their assertion that "there is no evidence that the 9.41 request form [completed by Velez] was forwarded to prosecutors by anyone" and that Moriarity "never created false evidence in the form of his observations that was forwarded to prosecutors." (*See* Dkt. 137, at pp. 4-5). Initially, regarding the first assertion by the defendants, the 9.41 form completed by defendant Velez contains the index number for the criminal complaints that were filed by defendant McDermott against the plaintiff (*see* Dkt. 68-3, Exs. M and N), and therefore the evidence before the Court demonstrates there is no genuine dispute that defendant Velez's request for Mr. Kistner's mental health evaluation was part of the criminal file that was turned over to the prosecutors.

---

[3] Notably, the defendants do not oppose the plaintiff's assertion that the allegations in the Second Amended Complaint were sufficient to plausibly allege that defendants Lockwood, Santana, and McHugh each were sufficiently involved in the incidents giving rise to this action. (*See* Dkt. 132, at pp. 14-19). Thus, this provides an additional, unchallenged path for the Court to find that the Magistrate erred in recommending the dismissal of these three individual defendants based on purported pleading deficiencies.

Additionally, as explained in the plaintiff's objections, when defendant Moriarity approached the plaintiff after he was struck by defendant McDermott's vehicle, the officer lied and said he "saw the whole thing" and that he observed the plaintiff throw himself at the vehicle. (Dkt. 74-1, at pp. 117-18; *see also* Dkt. 89, at pp. 109-10, 115-16). Moreover, defendant Moriarity and Velez can both be seen with the other on-scene officers in the middle of the street for nearly 30 minutes concocting a false narrative that the plaintiff threw himself at defendant McDermott's vehicle. The participation of defendants Moriarity and Velez in creating false evidence in the form of sham observations that they knew would be forwarded to prosecutors is sufficient to hold these defendants liable for the plaintiff's malicious prosecution claims under Section 1983 and state law.

### III. Plaintiff's Objections Have Merit and Raise Sufficient Grounds for Rejection or Modification of the Magistrate's R&R as to Whether There Remain Triable Issues as to Plaintiff's Claims Related to the <u>Disorderly Conduct Charge</u>.

For the plaintiff's third objection, the defendants fail to address the main point of his objection. The Magistrate, and now the defendants, do not tackle the critical fact that when the plaintiff made the alleged statements, he was in a private room that did not contain any other patients or hospital staff. Instead, the only people present in the room when the plaintiff made the alleged statements was the officers, and therefore there was no risk of public disorder created by his speech. *See People v. Baker*, 20 N.Y.3d 354, 359 (2013); *see, e.g., People v. Pierre-Louis*, 34 Misc. 3d 703, 709-10 (Dist. Co. Nassau Co. 2011). Thus, the Magistrate erred in concluding that the defendants had probable cause to arrest and charge the plaintiff with disorderly conduct as a matter of law, and the Court should conclude that there remain triable

issues of fact as to whether the disorderly-conduct charge against the plaintiff was in violation of his rights under the First and Fourth Amendments.

### IV. Plaintiff's Objections Have Merit and Raise Sufficient Grounds for Rejection or Modification of the Magistrate's R&R as to Whether Plaintiff Has a Legally Sufficient Failure to Intervene Claim Against Defendant Lockwood.

Finally, for the plaintiff's fourth objection, the defendants assert that the plaintiff cannot establish a failure-to-intervene claim against Lockwood simply because he "was not present at the scene of the incident."[4] However, as explained in the plaintiff's objections, and as the Magistrate found in his R&R, "Lockwood may have been personally involved both by 'learning of the deprivation but failing to remedy the wrong,' and by 'gross negligence in managing subordinates who caused the deprivation.'" (Dkt. 108, at p. 27, citing *Girard v. Howard*, No. 19-CV-673S, 2021 WL 1737758, at *4 (W.D.N.Y. May 3, 2021)). Defendants fail to address these arguments and this evidence in their response to the plaintiff's objections, and therefore the Court should find that the proof in the record is sufficient to demonstrate at least triable issues regarding defendant Lockwood's personal involvement and liability for the plaintiff's failure-to-intervene claim.

---

[4] Regarding the defendants' arguments pertaining to allegations contained in the Third Amended Complaint, that amended complaint was drafted in compliance with the Magistrate's February 28, 2022 Report and Recommendation, which granted the plaintiff's motion to amend with respect to his *Monell* claim against the City of Buffalo but not with respect to his claims against the three individual defendants, including defendant Lockwood. (*See* Dkt. 119).

**CONCLUSION**

For the above stated reasons, as well as those previously stated, it respectfully is submitted that the Court should modify the Magistrate's R&R, and grant to the plaintiff any and all other relief that the Court deems just and proper. In addition, there is a sufficient record for the Court to conclude, following its de novo review, that judgment should be entered in favor of the plaintiff as a matter of law.

Dated: August 4, 2022
Buffalo, New York

**RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
*Attorneys for Plaintiff*

By:    *s/Chad A. Davenport*
R. Anthony Rupp III
Chad A. Davenport
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400
rupp@ruppbaase.com
davenport@ruppbaase.com

4890-0670-4173, v. 1